Wilde J.
delivered the opinion of the Court. The general doctrine that the contracts, and other acts in pais, of idiots and insane persons, are not binding in law or equity, is not denied. Being bereft of reason and understanding, they are considered incapable of consenting to a contract, or of doing any other valid act. And although their contracts are not generally absolutely void, but only voidable, the law takes care effectually and fully to pi itect their interests ; and will allow *310 them to plead their disability in avoidance of their conveyances’ purchases and contracts, as was settled in Mitchell et al v. Kingman, 5 Pick. 431. And such is probably the law in England at the present day, although the doctrine for a long time prevailed there, that no one should be allowed to plead his own incapacity and to stultify himself. These principles are not controverted by the defendant’s counsel; but they maintain, that if the plaintiff was of unsound mind and incapable of understanding, at the time he pledged the note to the defendant, yet if the defendant was not apprized of that fact, or had no reason to suspect it from the plaintiff’s conduct, or from any other source, and did not overreach him, or practise any fraud or unfairness, then that the contract of bailment was valid and binding, and could not be avoided in the present action. And they requested the Court of Common Pleas so to instruct the jury. That Court, however, were of opinion that the law was otherwise, and we all concur -in the same opinion. If it had been only proved that the plaintiff was a person of weak understanding, the instructions requested would have been appropriate and proper. For every man after arriving at full age, whether wise or unwise, if he be compos mentis, has the capacity and power of con tracting and disposing of his property, and his contracts ana conveyances will be valid and binding, providéd no undue advantage be taken of his imbecility.
It is sometimes difficult to determine what constitutes insanity, and to distinguish between that and great weakness of understanding. The boundary between them may be very narrow, and in fact often is, although the legal consequences and provisions attached to the one and the other respectively are widely different.
In the present case, however, this point is settled by the verdict, and no question is made respecting it. We are to' consider the plaintiff as in a state of insanity at the time he pledged his note to the defendant; and this being admitted, we think it cannot avail him as a legal defence, to show that he was ignorant of the fact, and practised no imposition. The fairness of the defendant’s conduct cannot supply the plaintiff’s want of capacity.
*311 The defendant’s counsel rely principally on a distinction between contracts executed, and those which are executory. But if this distinction were material, we do not perceive how it is made to appear that the contract of bailment is an executed contract, for if the note was pledged to secure the performance of an executory contract, and was part of the same transaction, it would rather be considered an executory contract. But we do not consider the distinction at all material. It is well settled that the conveyances of a non compos are voidable, and may be avoided by the writ dupi fuit non compos mentis, or by entry.
The case of Bagster et al. v. The Earl of Portsmouth, 5 Barn. & Cressw. 172, but more fully reported in 7 Dowl. 6 Ryl. 614, has been relied on as countenancing the distinction contended for, and to show its bearing on the point in question ; and it is true that some of the remarks which fell from the court in giving their opinion, may be thought to have some bearing in this respect. But the point decided, and the grounds of the decision, not only fail to support the defence in this action, but may be considered as an authority in favor of the plaintiff. That was an action of assumpsit for the use of certain carriages hired by the defendant, he being at the time of unsound mind, and judgment was rendered for the plaintiff, on the ground that no imposition had been practised on his part ; and particularly because the carriages furnished appeared to be suitable to the condition and degree of the defendant, considering the contracts of a non compos on the same footing as those of an infant ; and the court say in Thompson v. Leach, 3 Mod. 310, “ that the grants of infants, and of persons non compos, are parallel both in law and reason.” Now no one would, we apprehend, undertake to maintain that the plaintiff would have been bound, if he had been a minor when he pledged the note. It does not appear to have been pledged for necessaries ; and all contracts of infants are either void or voidable, unless made for education or necessaries suitable to their degree and condition. And even if the note had been pledged as security for the payment of necessaries, it would not have been binding if°the plaintiff had been an infant. For a pledge is in the nature of a penalty, *312 and may be forfeited, and can be of no advantage to the infant, and therefore shall not bind him.
If then idiots and insane persons are liable on their contracts for necessaries, they are certainly entitled to as much protection as infants. It matters not, however, how this may be, since the contract in question is not one for necessaries.
In the case of Browne v. Joddrell, 1 Moody & Malkin, 105, Lord Tenterden expressed an opinion, that in assumpsit for goods sold and delivered, and for work and labor, it would be no defence that the defendant was of unsound mind, unless the plaintiff knew of, or in any way took advantage of his incapacity, to impose on him. This, however, was an opinion expressed at nisi prius, and whether the opinion was followed up .to the final decision of the cause or not, does not appear. But however this may be, the opinion is founded on the old ,rule, somewhat qualified, that no one can be allowed to plead ¿his own disability or incapacity, in avoidance of his contracts. This rule having been wholly exploded in this commonwealth, Lord Tenterden's opinion can have no weight here, unless •some good reason could be shown for overruling the case of Mitchell et al. v. Kingman; which we think cannot be done.
We are aware that insanity is sometimes hard to detect, and that persons dealing with the insane may be subjected to loss and difficulty; but so they may be by dealing with minors. The danger, however, cannot be great, and seems to furnish no sufficient cause for modifying the rules of law in relation to insane people, if we had any power and authority so to do ; which we have not.[1]

Judgment of C. C. P. affirmed.

 See Dunnage v. White, 1 Wilson’s Ch. Cas. 67; Ball v. Mannin, 3 Bligh’s N. S. l ; Diarmid v. Diarmid, ibid. 374; Sentance v. Poole, 3 Carr. & P. 1; Hall v. Warren, 9 Vos 605 ; Farnam v. Brooks, 9 Pick 212; Leonard v. Leonard, 14 Pick. 280.